MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
HUGO MENDEZ CHANTES and SILVERIO
MENDEZ CHANTES, *individually and on*
*behalf of others similarly situated,*

*Plaintiffs*,

-against-

R & D DELICATESSEN CORP.   (D/B/A
CYPRIANA  CAFE PIZZERIA), JYCH, INC.
(D/B/A CYPRIANA CAFE PIZZERIA),
YOUNSUN YI (aka JENNY), CHANG SONG
YI (aka JAY), JOUNG HEE YO (aka
JENNY), and UN CHIL YO (aka BRUCE),

*Defendants*.

-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Hugo Mendez Chantes and Silverio Mendez Chantes, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against R & D Delicatessen Corp.  (d/b/a Cypriana Cafe Pizzeria), JYCH, Inc.  (d/b/a Cypriana Cafe Pizzeria), ("Defendant Corporations"), Younsun Yi (aka Jenny), Chang Song Yi (aka Jay), Joung Hee Yo (aka Jenny), and Un Chil Yo (aka Bruce), ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants R & D Delicatessen Corp.  (d/b/a Cypriana Cafe Pizzeria), JYCH, Inc.  (d/b/a Cypriana Cafe Pizzeria), Younsun Yi (aka Jenny), Chang Song Yi (aka Jay), Joung Hee Yo (aka Jenny), and Un Chil Yo (aka Bruce).

2.       Defendants own(ed), operate(d), or control(led) a Pizzeria and Cafe, located at 4702 37th St, Queens, NY 11101 under the name "Cypriana Cafe Pizzeria."

3.      Upon information and belief, individual Defendants Younsun Yi (aka Jenny), Chang Song Yi (aka Jay), Joung Hee Yo (aka Jenny), and Un Chil Yo (aka Bruce), serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as food preparers, cooks, and dishwashers at the restaurant located at 4702 37th St, Queens, NY 11101.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice

of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria and cafe located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.     Plaintiff Hugo Mendez Chantes ("Plaintiff Mendez" or "Mr. Mendez") is an adult individual residing in Queens County, New York.

15.     Plaintiff Mendez was employed by Defendants at Cafe Pizzeria from approximately 2007 until on or about August 10, 2018.

16.     Plaintiff Silverio Mendez Chantes ("Plaintiff Silverio" or "Mr. Silverio") is an adult individual residing in Queens County, New York.

17.     Plaintiff Silverio was employed by Defendants at Cypriana Cafe Pizzeria from approximately 2012 until on or about September 28, 2019.

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Pizzeria and Cafe, located at 4702 37th St, Queens, NY 11101 under the name "Cypriana Cafe Pizzeria."

19.     Upon information and belief, R & D Delicatessen Corp. (d/b/a Cypriana Cafe Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4702 37th St, Queens, NY 11101.

20.     Upon information and belief, JYCH, Inc.  (d/b/a Cypriana Cafe Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4702 37th St, Queens, NY 11101.

21.     Defendant Younsun Yi (aka Jenny), is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Younsun Yi (aka Jenny) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations.

Defendant Younsun Yi (aka Jenny) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Chang Song Yi (aka Jay) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chang Song Yi (aka Jay) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Chang Song Yi (aka Jay) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Joung Hee Yo (aka Jenny) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joung Hee Yo (aka Jenny) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Joung Hee Yo (aka Jenny) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Un Chil Yo (aka Bruce) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Un Chil Yo (aka Bruce)

is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Un Chil Yo (aka Bruce) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a Pizzeria and Cafe located in the Long Island City section of Queens in New York City.

26.     Individual Defendants, Younsun Yi (aka Jenny), Chang Song Yi (aka Jay), Joung Hee Yo (aka Jenny), and Un Chil Yo (aka Bruce), possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendants Younsun Yi (aka Jenny), Chang Song Yi (aka Jay), Joung Hee Yo (aka Jenny), and Un Chil Yo (aka Bruce) operate(d) Defendant Corporations as either alter egos of themselves and/or fail(ed) to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled

the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.     In each year from 2014 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35.     Plaintiffs are former employees of Defendants who were employed as food preparers, cooks, and dishwashers.

36.      Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hugo Mendez Chantes*

37.     Plaintiff Mendez was employed by Defendants from approximately 2007 until on or about August 10, 2018.

38.     Defendants employed Plaintiff Mendez as a cook and food preparer.

39.     Plaintiff Mendez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Mendez's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

42.     From approximately September 2014 until on or about August 10, 2018, Plaintiff Mendez worked as a cook and food preparer from approximately 6:00 a.m. until on or about 5:00 p.m., Mondays through Fridays (typically 55 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Mendez his wages in cash.

44.     From approximately September 2014 until on or about March 2016, Defendants paid Plaintiff Mendez a fixed salary of $520 per week.

45.     From approximately March 2016 until on or about January 2017, Defendants paid Plaintiff Mendez a fixed salary of $580 per week.

46.     From approximately January 2017 until on or about January 2018, Defendants paid Plaintiff Mendez a fixed salary of $600 per week.

47.     From approximately January 2018 until on or about August 10, 2018, Defendants paid Plaintiff Mendez a fixed salary of $620 per week.

48.     Plaintiff Mendez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendez regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Mendez an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Mendez, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Silverio Mendez Chantes*

52.     Plaintiff Mendez was employed by Defendants from approximately 2012 until on or about September 28, 2019.

53.     Defendants employed Plaintiff Silverio as a dishwasher and a cook.

54.     Plaintiff Silverio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

55.     Plaintiff Silverio's work duties required neither discretion nor independent judgment.

56.     Throughout his employment with Defendants, Plaintiff Silverio regularly worked in excess of 40 hours per week.

57.     From approximately September 2014 until on or about February 2016, Plaintiff Silverio worked as a dishwasher from approximately 7:00 a.m.  until on or about 5:00 p.m., Mondays through Fridays (typically 50 hours per week).

58.     From approximately March 2016 until on or about September 28, 2019, Plaintiff Silverio worked as a cook from approximately 7:00 a.m. until on or about 5:00 p.m., Mondays through Fridays (typically 50 hours per week).

59.     Throughout his employment, Defendants paid Plaintiff Silverio his wages in cash.

60.     From approximately September 2014 until on or about March 31, 2016, Defendants paid Plaintiff Silverio $10.00 per hour.

61.     From approximately April 1, 2016 until on or about November 30, 2016, Defendants paid Plaintiff Silverio a fixed salary of $550 per week.

62.     From approximately December 1, 2016 until on or about September 28, 2019, Defendants paid Plaintiff Silverio a fixed salary of $650 per week.

63.     Although Plaintiff Silverio was supposed to take a 30-minute meal break, defendants constantly interrupted the break and required Plaintiff Silverio to work during the breaks.

64.     Nevertheless, from approximately March 2019 until on or about September 2019, Defendants deducted $90 from Plaintiff Silverio's weekly paycheck for meal periods they did not allow him to take and meals he never ate.

65.     From approximately September 2014 until on or about July 2019, Plaintiff Silverio was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

66.     Defendants took improper and illegal deductions from Plaintiff Silverio's wages; specifically from approximately March 2019 until on or about September 2019, Defendants deducted $90 dollars from Plaintiff Silverio's weekly wages for meal breaks he never took and meals he never ate.

67.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Silverio regarding overtime and wages under the FLSA and NYLL.

68.     Defendants did not provide Plaintiff Silverio an accurate statement of wages, as required by NYLL 195(3).

69.     Defendants did not give any notice to Plaintiff Silverio, in English and in Spanish (Plaintiff Silverio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

70.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

71.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

72.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

73.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

74.     Defendants paid Plaintiffs their wages in cash.

75.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

77.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

79.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a

one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

83.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

84.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

86.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

91.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

95.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

97.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

98.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

100.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

104.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

106.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

107.     Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

114.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

115.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

116.     Defendants made unlawful deductions from Plaintiffs' wages; specifically, Defendants deducted $90 dollars from Plaintiff Silverio's weekly wages for meals and meal breaks he never took.

117.     The deductions made from Plaintiff's wages were not authorized or required by law.

118.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

119.     Plaintiff Silverio was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

      (s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

  Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

      September 20, 2020

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By:        /s/ Michael Faillace
                                    Michael Faillace [MF-8436]
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620
                                    *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 16, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hugo Mendez Chantes

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     16 de enero 2020

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 21, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Silverio  Mendez Chantes

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                21 de enero 2020

*Certified as a minority-owned business in the State of New York*